The Honorable Jan Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have presented the following questions for my opinion:
 (1) Can an alcohol treatment program licensed by the Department of Health provide "treatment" in lieu of "education" for satisfaction of the requirements for reinstatement of a driver's license under A.C.A. § 5-65-104(h)(1) and (2), and A.C.A. § 5-65-115(a)?
 (2) Can an alcohol treatment program licensed by the Department of Health provide education or treatment services or both for offenders who have been recommended for either education or treatment services in their presentence report under A.C.A. § 5-65-109?
 (3) Can an alcohol treatment program licensed by the Department of Health provide a certificate of completion that would be honored by the Office of Driver Services as proof that a person whose license is suspended or revoked has satisfied the treatment or education requirement under A.C.A. § 5-65-104(h)(3) and (i)?
 (4) Can an alcohol treatment program licensed by the Department of Health provide the presentencing report under A.C.A. § 5-65-109(a) and (b)?
RESPONSE
Question 1 — Can an alcohol treatment program licensed by the Departmentof Health provide "treatment" in lieu of "education" for satisfaction ofthe requirements for reinstatement of a driver's license under A.C.A. §5-65-104(h)(1) and (2), and A.C.A. § 5-65-115(a)?
It is my opinion that an alcohol treatment program that is approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health can satisfy the requirements for reinstatement of a driver's license that has been suspended or revoked under A.C.A. § 5-65-104. Such a treatment program can be rendered in lieu of an alcohol education program.
The pertinent statutes are A.C.A. § 5-65-104(h) and A.C.A. §5-65-115(a).
A.C.A. § 5-65-104(h) states in pertinent part:
 (h)(1) Any person whose license is suspended or revoked pursuant to this section shall, unless the charges are dismissed or the person is acquitted of the charges upon which the suspension or revocation is based, be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcohol treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health.
* * *
 (2) A person whose license is suspended or revoked pursuant to this section shall furnish proof of attendance at, and completion of, the alcoholism treatment or education program before reinstatement of his or her suspended or revoked driver's license or shall furnish proof of dismissal or acquittal of the charge on which the suspension or revocation is based.
A.C.A. § 5-65-115(a) states in pertinent part:
 (a)(1) Any person whose driving privileges are suspended or revoked for violating § 5-65-103 shall, in addition to other penalties provided in this chapter, be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcoholism treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health.
The language of these statutory provisions is plain and unambiguous. An alcohol treatment program that has been approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health will suffice in lieu of an alcohol education program in order to satisfy the requirements for reinstating a suspended or revoked license under both A.C.A. §5-65-104 and 5-65-115. See also A.C.A. § 20-64-901 et seq.
Question 2 — Can an alcohol treatment program licensed by the Departmentof Health provide education or treatment services or both for offenderswho have been recommended for either education or treatment services intheir presentence report under A.C.A. § 5-65-109?
It is my opinion that in order to satisfy the requirements for the reinstatement of a suspended or revoked driver's license, an "education" program must be an alcohol education program that has been prescribed and approved by the Drug Abuse Coordinating Council (which now performs the duties previously assigned to the Highway Safety Program, referred to in the statutes, see Acts 1995, No. 551). As indicated in response to Question 1, in order for an alcohol "treatment" program to satisfy these requirements, it must be one that has been approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health. The applicable statutes (A.C.A. § 5-65-104(h) and A.C.A. § 5-65-115(a) distinguish between alcohol "treatment" programs and alcohol "education" programs, and between the entities who must approve these two types of programs.
Thus, if the alcohol treatment program to which you refer has been both prescribed and approved as an alcohol "education" program by the Drug Abuse Coordinating Council, and has been approved as an alcohol "treatment" program by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health, it can provide either treatment or education services in order to satisfy the requirements for the reinstatement of a suspended or revoked driver's license of a person whose presentencing report under A.C.A. § 5-65-109 recommended either education or treatment services.
It should be noted as a practical matter that the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health and the Drug Abuse Coordinating Council work together. See Drug Abuse Coordinating Council Rules of Procedure, Article 3 ("Responsibilities," stating that the Council carries out its responsibilities "in conjunction with the Department of Health, Bureau of Alcohol and Drug Abuse Prevention."). Moreover, the duties and powers of the two appear to overlap in some respects. See A.C.A. § 20-64-1003 (powers and duties of the Drug Abuse Coordinating Council). I must note in this regard that the various statutes concerning the various entities that have authority over drug and alcohol programs are currently in a state of profound disarray and could benefit substantially from legislative clarification.
Question 3 — Can an alcohol treatment program licensed by the Departmentof Health provide a certificate of completion that would be honored bythe Office of Driver Services as proof that a person whose license issuspended or revoked has satisfied the treatment or education requirementunder A.C.A. § 5-65-104(h)(3) and (i)?
It is my opinion that the only certificates of completion that can be honored by the Office of Driver Services for purposes of the reinstatement of a suspended or revoked driver's license are those that are issued either by an alcohol "treatment" program that has been approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health, or by an alcohol "education" program that has been prescribed and approved as an alcohol education program by the Drug Abuse Coordinating Council (which now performs the duties previously assigned to the Highway Safety Program, referred to in the statutes, see Acts 1995, No. 551). As explained in response to Questions 1 and 2, these are the types of programs that are required for reinstatement pursuant to A.C.A. § 5-65-104 and 5-65-115. A certificate of completion issued by either type of approved program to a person who has completed that program can be honored by the Office of Driver Services.
Question 4 — Can an alcohol treatment program licensed by the Departmentof Health provide the presentencing report under A.C.A. § 5-65-109(a) and(b)?
It is my opinion that an alcohol treatment program can provide the presentencing report if it has been designated to do so by the Drug Abuse Coordinating Council, which now performs the duties previously assigned to the Highway Safety Program.
As you note, this issue is governed by A.C.A. § 5-65-109, which states in pertinent part:
 (a) Upon a plea of guilty or nolo contendere to or a finding of guilt of violating § 5-65-103, the court shall immediately request, and the Highway Safety Program or its designee shall provide, a presentence screening and assessment report of the defendant.
A.C.A. § 5-65-109(a) (emphasis added). In 1995, by Act 551, the General Assembly transferred the duties of the Highway Safety Program to the Drug Abuse Coordinating Council. For the general powers and duties of the Council, see A.C.A. § 20-64-1003.[1] Thus, that Council now has the authority, under the plain and unambiguous language of A.C.A. §5-65-109, to provide presentencing reports, or to designate others to do so.
Accordingly, an alcohol treatment program that has been designated by the Drug Abuse Coordinating Council to make presentencing reports can do so.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It should be noted that Act 551 of 1995 also transferred to the Drug Abuse Coordinating Council the duties of the "Arkansas Alcohol and Drug Abuse Authority of the Bureau of Alcohol and Drug Abuse Prevention, Arkansas Department of Health." This division of the Bureau was created by Acts 1977, No. 644, § 1 (codified at A.C.A. § 20-64-601) and had authority to review planning and objectives of alcohol and drug abuse prevention functions in the state and served as a board of review for all grants and contracts submitted to the Division of Alcohol and Drug Abuse Prevention. See A.C.A. § 20-64-605. Apparently, the transfer of the duties of this portion of the Bureau's authority did not include a transfer of the Bureau's authority to approve alcohol treatment programs. I reiterate the need for legislative clarification of matters concerning authority over drug and alcohol programs.